IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## MICHAEL A. CARTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-A-183     Seth Norman, Judge**

_____

**No. M2001-03065-CCA-R3-PC - Filed September 16, 2002**

_____

The petitioner originally pled guilty to aggravated robbery on June 1, 2000. He sought post-conviction relief alleging he received ineffective assistance of counsel which led to an involuntary guilty plea. Following a hearing, the trial court dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Mike Anderson, Nashville, Tennessee, for the appellant, Michael A. Carter.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Sue Anderson and Kathy Morante, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The petitioner contends he received ineffective assistance of counsel because counsel allowed him to enter a guilty plea to aggravated robbery after learning petitioner had been taking medication. He contends this rendered his guilty plea involuntary and unknowing. The petitioner's claim of involuntariness of his plea is so closely connected to his claim of ineffective assistance of counsel that we shall treat it as one issue. We find no merit to petitioner's contentions.

**A. Standard of Review**

The judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v.

<u>State</u>, 960 S.W.2d 572, 578 (Tenn. 1997); <u>Alley v. State</u>, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). The burden of establishing that the evidence preponderates otherwise is on petitioner. <u>Henley</u>, 960 S.W.2d at 579.

This court reviews a claim of ineffective assistance of counsel under the standards of <u>Baxter v. Rose</u>, 523 S.W.2d 930 (Tenn. 1975), and <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. <u>Goad</u>, 938 S.W.2d at 370.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. <u>Baxter</u>, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065; <u>State v. Honeycutt</u>, 54 S.W.3d 762, 769 (Tenn. 2001).

## B. Post-Conviction Hearing

Petitioner's trial counsel was the only witness to testify at the post-conviction hearing. Trial counsel testified she learned the petitioner had been taking Trazodone and Thorazine on the morning he submitted his guilty plea. Nevertheless, counsel saw no indication that petitioner did not understand what he was doing or was incompetent. Trial counsel additionally testified she discussed the evidence with the petitioner; she would not allow a client to plead guilty if the client did not understand the agreement; she met with the petitioner seven times over a period of five days; and she saw nothing to indicate the petitioner had any mental problems, needed a mental evaluation, or was incompetent.

The post-conviction court accredited counsel's testimony that the petitioner was "totally coherent and . . . knew what he was doing at the time [of entry of his plea]." The court dismissed the petition.

## C. Analysis

The petitioner contends he received ineffective assistance of counsel because trial counsel allowed him to enter a guilty plea after learning he was taking medication, namely, Trazodone and Thorazine. The petitioner offered no proof at the post-conviction hearing. Accordingly, the only evidence submitted at the hearing was the testimony of trial counsel who stated the petitioner was competent and understood the nature of his guilty plea. The petitioner failed to offer any proof

regarding the effect, if any, the medication would have on his ability to competently enter a guilty plea. Petitioner has not proven any deficiency by trial counsel nor prejudice.

The evidence does not preponderate against the findings of the trial court. We affirm.


_____
JOE G. RILEY, JUDGE